**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DENISE MAHOGANY, individually and as**
**the parent and natural guardian of her**
**minor children; and SHELLEY MISTER,**
**individually and as the parent and natural**
**guardian of her minor children,**

      **Plaintiffs,**

**v.**                                                            **Case No.  8:05-cv-714-T-30MSS**

**BARFIELD BAY HOLDINGS, INC., as**
**GENERAL PARTNER OF RSG FAMILY**
**LIMITED PARTNERSHIP, d/b/a NORTON**
**APARTMENTS and RSG FAMILY**
**LIMITED PARTNERSHIP, d/b/a NORTON**
**APARTMENTS,**

      **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Partial Motion to Dismiss

Counts II and III (Dkt. # 9) and Plaintiffs' Response to Defendants' Partial Motion to

Dismiss Counts II & III (Dkt. # 10).  The Court, having considered the motion and response,

and being otherwise fully advised, finds that the motion should be granted in part and denied

in part.

Plaintiffs' Complaint alleges that Defendants discriminated against them because of

their "familial status" (i.e., families with children), while they were residing at the Norton

Apartments.  Specifically, Plaintiffs allege that the curfew put into effect by the Defendants,

which forbid anyone under the age of 18 from being outside after 9:00 p.m., was discriminatory.  Plaintiffs also complain that Defendants refused to replace their carpeting and that Defendants subjected them to numerous inspections based upon "normal children's items not being stored 'properly.'"  Count I asserts a cause of action pursuant to the federal Fair Housing Act, Count II alleges a cause of action under the Florida Fair Housing Act ("Florida FHA"), and Count III asserts a claim under the Pinellas County Fair Housing Ordinance ("Pinellas County FHO").

Defendants have moved to dismiss Counts II & III of the Complaint on the grounds that they are barred by the statutes of limitation.  The Florida FHA provides that "[a] civil action shall be commenced no later than 2 years after an alleged discriminatory housing practice has occurred."  Fla. Stat. § 760.35(1).  The Pinellas County FHO also contains a two-year statute of limitation.  See Pinellas County Code § 70-152(a)(1).

Federal law determines when a statute of limitations begins to run. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action or apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Defendants argue that Plaintiffs' causes of actions accrued more than two years before the Complaint was filed on April 13, 2005.  Defendants note that the curfew has been in place since October 23, 2001, and that Plaintiff Mister received a "violation notice" of the curfew on January 3, 2003.  Defendants argue that at the very latest, Plaintiff knew or should

have known of the alleged violations when they filed complaints of housing discrimination with the Pinellas County Office of Human Rights ("PCOHR") on April 2 (Mister) and 3 (Mahogany), 2003. Defendants note that the PCOHR's Determination of Reasonable Cause and Charge of Discrimination identified March 10, 2003 (Mahogany) and January 3, 2003 (Mister) as the dates of discrimination.

Plaintiffs argue that facts supporting a cause of action only became apparent between May of 2003, when Plaintiffs allegedly found themselves homeless, and November of 2003, when the PCOHR issued its Determinations of Reasonable Cause and Charges of Discrimination. Plaintiffs also argue that the discrimination was ongoing until their residence at Norton Apartments ended.

The Court finds that Counts II and III of the Complaint are barred by the statute of limitations. At the very latest, Plaintiffs knew or should have known of the alleged violations by the time they filed their complaints with the PCOHR on April 2 and 3, 2003. At that time, Plaintiffs had sufficient knowledge of the alleged violations to file complaints with the PCOHR and to start the two-year clock running on the applicable statutes of limitation. Therefore, Plaintiffs were required to file any civil action under the Florida FHA or the Pinellas County FHO by April 2 or 3, 2005. Because Plaintiffs' Complaint was not filed until April 13, 2005, Plaintiffs' causes of action under the Florida FHA and the Pinellas County FHO are time barred and must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Partial Motion to Dismiss Counts II and III (Dkt. # 9) is

        GRANTED IN PART AND DENIED IN PART.

2.     Counts II and III of Plaintiffs' Complaint are dismissed with prejudice.

3.     Defendants' motion for attorneys' fees and costs is denied.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-714.mtd.wpd